David B. Mitchell Informal Opinion No. 2008-12 Corporation Counsel City of Troy City Hall One Monument Square Troy, New York 12180
Dear Mr. Mitchell:
You have requested an opinion regarding the validity of a recent appointment to the Board of Assessment Review (Board) made by the City Council. You have explained that the previous member of the Board had a term that expired on September 30, 2007. The City Council appointed a new member in December 2007, effective January 1, 2008. This member was appointed to fill the term that runs from October 1, 2007 to September 30, 2012.
It has been suggested that the appointment was contrary to the terms of Real Property Tax Law § 523, which governs the appointment of members of the Board. Real Property Tax Law § 523 provides that "[t]he terms of office of members of the board of assessment review shall be five years and shall commence on the first day of October and terminate on the thirtieth day of September, five years thereafter." Id. § 523(1)(c). As explained more fully below, we are of the opinion that the appointment to the Board as described was consistent with the terms of Real Property Tax Law § 523(1)(c).
Sections 5 and 38 of the Public Officers Law apply to the facts you have described. Section 5 generally authorizes a public officer, with exceptions not relevant here, to continue serving in his office following the expiration of his term until his successor is chosen and qualifies to serve. After the expiration of the original officer's term, however, "the office shall be deemed vacant for the purpose of choosing his successor." Id. An appointment for a term shortened by reason of a predecessor holding over is for the "residue of the term only."Id. Additionally, section 38 of the Public Officers Law, relating to the terms of officers chosen to fill vacancies, provides that "[i]f an appointment of a person to fill a vacancy in an appointive office be made by the . . . board of officers authorized to make [the] appointment to the office for the *Page 2 
full term, the person so appointed to such vacancy shall hold office for the balance of the unexpired term."
Applying Public Officers Law §§ 5 and 38 to the facts you have described, we conclude that the current member's appointment is consistent with the terms of Real Property Tax Law § 523(1)(c). The term of the current appointee's predecessor expired on September 30, 2007. His successor was appointed in December 2007. Until the current appointee qualified to serve, pursuant to section 5 his predecessor was a holdover. Upon the current appointee's qualification, pursuant to section 38 he holds office for the balance of the unexpired term. The appointment of the current appointee was thus correctly made for the remainder of the term that, by statute, runs from October 1, 2007 to September 30, 2012. Real Property Tax Law § 523(1)(c).
For the above reasons, we are of the opinion that the described appointment was consistent with Real Property Tax Law § 523(1)(c).
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions

 *Page 1